UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSHUA WILSON,                                )
                                              )
         Plaintiff,                           )
                                              )
    v.                                        )          Case No.
                                              )
JOSEPH P. LOPINTO III, INDIVIDUALLY AND)
IN HIS OFFICIAL CAPACITY AS SHERIFF OF)
JEFFERSON PARISH SHERIFF'S OFFICE and  )
 DEPUTY SEAN HAYES                            )
                                              )
                                              )
         Defendants.                          )
_____)

## **COMPLAINT**

While detained at the Jefferson Parish Correctional Center (JPCC), Plaintiff Joshua Wilson was sexually assaulted by a Jefferson Parish Sheriff's Office deputy, Defendant Sean Hayes.

Mr. Wilson brings this suit against Sheriff Joseph P. Lopinto III, and Sean Hayes. Mr. Wilson brings this suit, alleging violation of his constitutionally protected rights under 42 U.S.C. § 1983 due to the criminal sexual assault upon him while he was in the Defendants' custody and care.

## I.     JURISDICTION AND VENUE

1.     Plaintiff brings this action pursuant to 42 U.S.C. §1983 and other statutes. Jurisdiction is based on 28 U.S.C. § 1331 (federal question) and § 1343 (civil rights). Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear claims arising under state law.

2.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391 as a substantial part of the events giving rise to Plaintiff's claims arose in the Eastern District of Louisiana, and because

1

Defendants reside in the District.

3.      Mr. Wilson has exhausted all administrative remedies by filing a grievance with the

Jefferson Parish Sheriff's Office at Jefferson Parish Correctional Center.

## II.      PARTIES

### *Plaintiff*

4.      <u>Plaintiff Joshua Wilson</u> is an adult citizen of the State of Louisiana and domiciled

in the Eastern District of Louisiana. He is incarcerated at the Jefferson Parish Correctional Center,

where he was sexually assaulted by Deputy Sean Hayes.

### *Defendants*

5.      <u>Defendant Joseph P. Lopinto III</u> is an adult citizen of the State of Louisiana and

domiciled in the Eastern District of Louisiana. At all times relevant to this Complaint, Defendant

Lopinto was the Sheriff of Jefferson Parish. He is sued in his individual and official capacities.

6.      <u>Defendant Sean Hayes</u> is an adult citizen of the State of Louisiana and domiciled

in the Eastern District of Louisiana. At all times relevant to this Complaint, Defendant Hayes was

a Deputy of the Jefferson Parish Sheriff's Office. He is sued in his individual and official

capacities.

7.      Except as otherwise indicated, each defendant is a joint tortfeasor with every other

defendant under Louisiana Civil Code Art. 2324.

## III.      STATEMENT OF FACTS

### *The Sexual Assault*

8.      Mr. Wilson was arrested on February 28, 2020 and has been held as a pre-trial

detainee in Jefferson Parish Correctional Center (JPCC) since that date.

9.     The jail is under the exclusive control of Defendant LOPINTO, who is responsible for all jail policies and procedures as well as the supervision of all jail staff.

10.     Defendant LOPINTO was the caretaker of Mr. Wilson and he had the exclusive custody and control over Mr. Wilson during his incarceration at the JPCC.

11.     Defendant HAYES at all times referenced herein was an employee of the Defendant LOPINTO.

12.     When Mr. Wilson was arrested, he was placed on a housing pod with gay and transgender inmates.

13.     Defendant HAYES was a deputy assigned to supervise the pod where Mr. Wilson was housed.

14.     One day, Defendant HAYES asked Mr. Wilson whether he "liked boys or girls." When Mr. Wilson asked why, Defendant HAYES replied, "Because you handsome." To which Mr. Wilson stated, "I have a girlfriend."

15.     On March 5, 2020, after Mr. Wilson was leaving the shower naked, Defendant HAYES grabbed Mr. Wilson's penis two times with his hand.

16.     Defendant HAYES held Mr. Wilson's penis tightly until Mr. Wilson told him to stop.

17.     Defendant HAYES then left the shower and went to the cell of another inmate on the pod who was masturbating.

18.     While the other inmate was masturbating, Defendant HAYES put his mouth on the inmate's penis and performed oral sex.

19.     The incident was reported to the jail and an investigation began on March 6, 2020.[1]

---

[1] JPSO Crime Report dated March 30, 2020.

20.    Several inmates reported "sexual interactions" with Defendant HAYES.[2]

21.    Defendant HAYES was arrested on March 6, 2020 and charged with sexual malfeasance in jail pursuant to La. R.S. 14:134.1.

22.    Sexual malfeasance in jail prohibits law enforcement officers from engaging in "sexual intercourse or any other sexual conduct with a person who is under their supervision and who is confined in a…jail."[3]

23.    According to the spokesperson for JPSO, Defendant HAYES confessed to performing oral sex on an inmate.[4]

24.    Defendant HAYES was booked into JPCC and a $10,000 bond was set.[5]

25.    Defendant HAYES was fired from JPSO after his arrest.[6]

26.    Investigators interviewed Mr. Wilson about the assault done to him by Defendant HAYES, but Mr. Wilson never heard from investigators after the initial interview.

27.    As a result of the assault, Mr. Wilson could not sleep at night and has suffered great mental anguish and anxiety.

28.    Mr. Wilson sought the help of social workers and nurses at JPCC through oral requests and grievances.

29.    None of Mr. Wilson's requests for help with sleep and mental healthcare were answered.

30.    After the assault, Mr. Wilson's penis began to itch, and the only treatment he received was itch cream.

---

[2] *Id*.
[3] La. R.S. 14:134.1
[4] https://www.nola.com/news/crime_police/article_cf9a9bc2-6239-11ea-8911-438906413425.html.
[5] *Id*.
[6] *Id*.

31.    Mr. Wilson filed a grievance seeking an Administrative Remedy due to the sexual assault by Defendant HAYES, however he was denied any remedies.

*Defendant Sheriff Lopinto had Knowledge of Deputies Sexually Assaulting Inmates at JPCC*

32.    The jail is under the exclusive control of Defendant LOPINTO, who is responsible for all jail policies and procedures as well as the supervision of all jail staff.

33.    Defendant LOPINTO was the caretaker of Mr. Wilson and he had the exclusive custody and control over Mr. Wilson during his incarceration at the JPCC.

34.    Defendant HAYES at all times referenced herein was an employee of Defendant LOPINTO.

35.    JPSO deputies have a history of sexually assaulting inmates housed at JPCC.

36.    In November of 2019, Corey Brown was an inmate at JPCC under the custody and care of JPSO.

37.    Mr. Brown was sexually assaulted in the shower by JPSO Sgt. John Cotton.

38.    Sgt. Cotton sexually assaulted Mr. Brown by performing oral sex on Mr. Brown without Mr. Brown's consent.[7]

39.    Defendant LOPINTO knew or should have known that Sgt. Cotton had a history of inappropriate sexual conduct with inmates, yet he negligently failed to take action to protect inmates in his custody from Sgt. Cotton and in so doing failed to prevent Sgt. Cotton's sexual assault of Mr. Brown.[8]

40.    Defendant LOPINTO, as Mr. Brown's custodian and caretaker, failed to properly supervise Sgt. Cotton.

---

[7] *Corey Brown v. Lopinto et al.*, 2:20-cv-02990, R. Doc. 6 at 3 (E.D. La. Nov. 10, 2020).
[8] *Id.*

41.     Defendant LOPINTO's inadequate supervision and negligent retention of Sgt. Cotton resulted in the infliction of permanent mental and emotional injury upon Mr. Brown.

42.     Despite this prior incident of sexual assault on Mr. Brown—which resulted in a pending lawsuit against JPSO—Defendant LOPINTO continued to inadequately hire, train and supervise deputies employed by JPSO working in JPCC.

43.     Defendant HAYES was hired as a deputy to JPSO in January 2020.[9]

44.     Just two months later, Defendant HAYES was assigned to watch the housing pod where he sexually assaulted at least two inmates who were supposed to be in his custody and care.

45.     The sexual assaults by Defendant HAYES occurred after the assault by Sgt. Cotton.

46.     Defendant LOPINTO failed to properly hire, train and supervise Defendant HAYES and failed to protect Mr. Wilson even though the JPSO deputies had a history of sexually assaulting inmates in the shower.

47.     Defendant LOPINTO was deliberately indifferent to the care and safety of the inmates at JPCC because he knew sexual assault was a problem and he did not take any action to properly hire, train and supervise JPSO deputies.

## IV.     CAUSES OF ACTION

**Count One** – **Violation of Federal Constitutional Rights Pursuant to 42 U.S.C. § 1983**

48.     Plaintiff incorporates and reasserts the allegations in each preceding and following paragraphs of this Complaint.

49.     This claim is brought pursuant to the provisions of 42 U.S.C. § 1983 against Jefferson Parish Sheriff LOPINTO in his official capacity and against Defendant HAYES in both his official and individual capacity.

---

[9] https://www.nola.com/news/crime_police/article_cf9a9bc2-6239-11ea-8911-438906413425.html.

6

50.     At all times while he was in the exclusive custody and care of JPSO, Mr. Wilson had the constitutional right to be free from cruel and unusual punishment and the right to personal security and bodily integrity including the right to be free from sexual assaults.

51.     As the Sheriff of JPSO and the government official into whose custody and care Mr. Wilson was placed, Sheriff LOPINTO owed a special duty of protection to Mr. Wilson while he was in his custody and care as an inmate at JPCC and at all times while he was showering and on his housing pod.

52.     Defendant HAYES, acting under color of state law and/or local law, ordinances, policies, customs and usages of the State of Louisiana and JPSO, deprived and violated Mr. Wilson's federally secured constitutional rights including his right to be secure in his person and his right to be free from cruel and unusual punishment during his confinement in the JPCC.

53.     Defendant HAYES, with deliberate indifference to Mr. Wilson's constitutional rights, sexually assaulted him by touching his penis without consent in the shower while he was an inmate at JPCC.

54.     Defendant HAYES misused and abused the official power granted to him by the JPSO in the performance of his official duties by assaulting numerous inmates, including Mr. Wilson, thereby causing harm to Mr. Wilson.

55.     As a result of the sexual assault described in this Count, Mr. Wilson suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries.

56.     By depriving Mr. Wilson of his right against cruel and unusual punishment and his fundamental right to personal security and bodily integrity, Defendants violated the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States

Constitution. As Defendants were acting under the color of state law, Plaintiff's claims are actionable under 42 U.S.C. § 1983.

### *Count Two* – **Violations of the Louisiana Constitution**

57.     Plaintiff incorporates and reasserts the allegations in each preceding and following paragraphs of this Complaint.

58.     Article One, Section Two of the Louisiana Constitution of 1974 guarantees that "[n]o person shall be deprived of life, liberty, or property, except by due process of law."

59.     Article One, Section Twenty of the Louisiana Constitution of 1974 guarantees that people shall not be subjected to "cruel, excessive, or unusual punishment."

60.     By reason of the same conduct that violated Mr. Wilson's federal constitutional rights, Defendants violated his state constitutional rights to liberty, due process, right to bodily integrity and right to be free from cruel and unusual punishment.

61.     This conduct resulted in Mr. Wilson being sexually assaulted and caused the physical, emotional and pecuniary damages as described above and below.

### *Count Three – Monell* **and Supervisory Liability Against Sheriff Lopinto**

62.     Plaintiff incorporates and reasserts the allegations in each preceding and following paragraphs of this Complaint.

63.     Defendant LOPINTO had a duty arising under the Fourteenth Amendment to the United States Constitution to adequately train, supervise and discipline all prison and jail personnel in order to prevent sexual assault of inmates.

64.     Defendant LOPINTO, his employees, agents, subordinates, and including the supervisors of Defendant HAYES, had prior knowledge that deputies posed a risk of harm to inmates but failed to take reasonable steps, including but not limited to, implementing sufficient

policies and procedures for hiring, training and supervising deputies who are assigned to housing pods to prevent such harm from occurring to Mr. Wilson.

65.     Defendant LOPINTO knew of the risk to inmates, especially in the shower, because a similar assault occurred in the shower by JPSO Sgt. John Cotton on inmate Corey Brown and because a lawsuit is currently pending in that case.

66.     Defendant LOPINTO had a legal obligation to protect Mr. Wilson from sexual assaults by Defendant HAYES.

67.     Defendant LOPINTO declined to implement sufficient training, sufficient policies, or any legitimate mechanism for oversight of officers and agents, as evidenced through repeated sexual assaults occurring in the jail.

68.     JPSO's practice and policy of hiring and not supervising deputies who pose a danger to inmates demonstrates a pattern or policy of deliberate indifference to the safety of all inmates and LOPINTO'S duty to train and supervise.

69.     The sexual assault against Mr. Wilson was the result of Defendant LOPINTO's custom, practice, rule and/or policy of deliberate indifference to the substantial risk of harm which he knew or should have known Defendant HAYES posed to inmates such as Mr. Wilson, and his deliberate indifference to inmates, including Mr. Wilson, in failing to implement sufficient policies and procedures to prevent this type of sexual assault after a similar incident with another deputy and inmate.

### Count Four – Negligent Hiring

70.     Plaintiff incorporates and reasserts the allegations in each preceding and following paragraphs of this Complaint.

71.     At all times material, Defendant Jefferson Parish Sheriff LOPINTO, while acting in his official capacity as Jefferson Parish Sheriff and while engaged in the business of housing and care of inmates at JPCC, including Mr. Wilson, had a duty to exercise reasonable care in the hiring of agents, employees and staff personnel, including Defendant HAYES, who would be responsible for the custody and care of inmates and who were responsible to ensure the welfare and safety of the plaintiff and other inmates.

72.     Defendant HAYES had contact with Mr. Wilson on a men's housing pod from February 28, 2020 to March 5, 2020. Their contact and the subsequent harm which came to Mr. Wilson would not have occurred but for Defendant Jefferson Parish Sheriff LOPINTO's hiring of Defendant HAYES and the authority bestowed upon HAYES by virtue of his employment at the Jefferson Parish Sheriff's Office.

73.     Mr. Wilson, as an inmate of the JPCC, whose custody, care, safety and well-being were the responsibility of Defendant LOPINTO, was within the zone of foreseeable risk created by the employment of Defendant HAYES and Defendant LOPINTO failed to conduct a reasonable background investigation and screening of its employee HAYES before hiring him.

74.     At all times material, Defendant LOPINTO received the benefit of the employment relationship between JPSO and Defendant HAYES, who acted as a deputy and supervised numerous inmates, including the Mr. Wilson.

75.     As a direct and proximate result of Defendant Jefferson Parish Sheriff LOPINTO's negligence in failing to exercise reasonable care in the hiring Defendant HAYES, Mr. Wilson was sexually assaulted, imprisoned under tortious and inhumane conditions, suffered extreme emotional, mental and psychological injury. The psychological damage is ongoing and will

continue in the future.  These losses and injuries are continuing and permanent in nature and will require ongoing treatment and counseling throughout Plaintiff's lifetime.

### *Count Five* – **Negligent Supervision**

76.     Plaintiff incorporates and reasserts the allegations in each preceding and following paragraphs of this Complaint.

77.     At all times material, Defendant Jefferson Parish Sheriff LOPINTO, while acting in his official capacity as Jefferson Parish Sheriff and while engaged in the business of housing and care of inmates at JPCC, including Mr. Wilson, had a duty to exercise reasonable care in the supervising, monitoring and controlling its agents, employees and staff personnel, including Defendant HAYES, who were responsible for the custody and care of inmates including the plaintiff, and who were responsible to ensure their welfare and safety and to protect them from harm such as sexual abuse.

78.     At all times material, Defendant HAYES was on the premises of JPCC and privileged to be on the premises by virtue of his employment with JPSO and was in physical contact with the plaintiff by virtue of the authority conferred upon him by his employment with JPSO. Mr. Wilson, as an inmate at the JPCC and whose custody, care, safety and well-being were Jefferson Parish Sheriff LOPINTO's responsibility, was within the zone of foreseeable risk created by the employment of Defendant HAYES.

79.     At all times material, Jefferson Parish Sheriff LOPINTO had the ability to control its agents, employees and staff personnel, including Defendant HAYES; knew or should have known of the necessity for exercising appropriate control over its agents, employees and staff personnel, including Defendant HAYES; and had the opportunity to exercise control over its agents, employees and staff personnel, including Defendant HAYES.

80.     In acting under the color of state law in a position of authority over inmates, including the plaintiff, Defendant Jefferson Parish Sheriff LOPINTO should have known of the threat and potential for harm to inmates from sexual abuse, sexual molestation, and other types of inappropriate touching and/or misconduct by agents, employees and staff personnel and should have known that Defendant HAYES was unsuitable to have contact with inmates.

81.     Defendant Jefferson Parish Sheriff LOPINTO breached its duty to exercise reasonable care in the supervision and monitoring of its employee, Defendant HAYES, considering the type of work to be done by Defendant HAYES, when Defendant should have known through the exercise of reasonable diligence of prior sexual assaults of inmates and which should have put Jefferson Parish Sheriff LOPINTO on notice of the potential for harm to the inmates, including the plaintiff, from sexual abuse, sexual molestation, embarrassment, invasion of his person and privacy by Defendant HAYES.

82.     As a direct and proximate result of Defendant Jefferson Parish Sheriff LOPINTO's negligent supervision and monitoring of Defendant HAYES, the Plaintiff, Mr. Wilson, was sexually assaulted, imprisoned under tortious and inhumane conditions, suffered extreme emotional, mental and psychological injury. These losses and injuries are continuing and permanent in nature and will require ongoing treatment and counseling throughout the Plaintiff's lifetime.

### *Count Six* – **State Torts of Sexual Assault and Battery**

83.     Plaintiff incorporates and reasserts the allegations in each preceding and following paragraphs of this Complaint.

84.     Defendant HAYES attempted by an intentional act, or by a show of force or violence, to cause an offensive or harmful physical contact with Mr. Wilson, including but not limited to harmful, offensive and illegal sexual contact, which injured Mr. Wilson.

85.     Defendant HAYES, by touching Mr. Wilson's penis with his hand, committed battery and sexual assault against Mr. Wilson.

86.     Mr. Wilson did not consent to Defendant HAYES touching his penis.

87.     As a direct and proximate result of the above unlawful acts and omissions, Mr. Wilson sustained emotional, mental and psychological injury.  The psychological injury continues, and he will continue to suffer in the future.

## Count Eight – Respondeat Superior Against Sheriff Lopinto

88.     Plaintiff incorporates and reasserts the allegations in each preceding and following paragraphs of this Complaint.

89.     While committing the battery and sexual assault in the preceding paragraphs, Defendant HAYES was an employee, member, and agent of Jefferson Parish Sheriff LOPINTO within the scope of his employment.

90.     Defendant LOPINTO is therefore liable as principals for all torts committed by his agents, in this case Defendant HAYES.

## RELIEF REQUESTED

91. Wherefore Plaintiff prays for judgment against Defendants as follows:

    (a) For a judgment against Defendants for all asserted causes of action;

    (b) For a judgment awarding compensatory and nominal damages;

    (c) For a judgment awarding special and punitive damages;

    (d) For a judgment awarding Plaintiff his costs and attorney's fees;

13

(e) For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law; and

(f) For all other and further relief as may be necessary and appropriate.

92.    Plaintiff states any and all other causes of action that may become known through a trial of this matter on its merits against any and all other parties which are herein named or which may be added later, and request any and all other damages or remedies which this Court may seem equitable.

93.    Plaintiff reserves the right to notice of defect to this pleading and reserves the right to amend or supplement this Petition after discovery of any additional fact, law, or claim, the amendment of which to be performed by the filing of any subsequent pleading.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Respectfully Submitted:

**MOST & ASSOCIATES**

*/s/ Caroline Gabriel*
**CAROLINE GABRIEL (La. Bar. No. 38224)**
**HOPE PHELPS (La. Bar No. 37259)**
**WILLIAM MOST (La. Bar No. 36914)**
**DAVID LANSER (La. Bar No. 37764)**
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
Tel: 985-441-9355
Email: caroline.gabriel.ma@gmail.com

***Counsel for Plaintiff, Joshua Wilson***